RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MAY 2 7 2025
BY:_____ DANIEL J. McCOY, CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

---

**FELICIA WINDHAM JORDAN**,
Plaintiff,

v.

**DESOTO PARISH SHERIFF'S DEPARTMENT**;
**SHERIFF JASON RICHARDSON**, in his official and individual capacities;
**DEPUTY [~~Emily Henderson~~]**, in his/her official and individual capacities;
and **DOES 1-10**,
Defendants.

[handwritten: Nolan Perot / Ashton Richardson / Emily Henderson]

# CIVIL COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS
# (42 U.S.C. § 1983)

**COMES NOW** the Plaintiff, FELICIA WINDHAM JORDAN, representing herself Pro Se, and for her cause of action against the Defendants, states and alleges as follows:

## INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking damages against Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States, particularly the Fourth and Fourteenth Amendments.

2. On or about May 30, 2024, Defendants forcibly removed Plaintiff from her own home without legal authority, without a court order for eviction, and without due process of law, based solely on the false report of Plaintiff's sister that Plaintiff was "squatting."

3. Defendants' unlawful actions occurred prior to a sheriff's sale for partition that was improperly conducted on June 7, 2024, despite being advertised for May 29, 2024, further demonstrating the procedural irregularities and lack of legal authority for Plaintiff's removal from her property.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), which confer original jurisdiction upon this Court over actions arising under the laws of the United States, and over actions to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the events giving rise to Plaintiff's claims occurred within this district.

## PARTIES

6. Plaintiff FELICIA WINDHAM JORDAN is an individual and resident of DeSoto Parish, Louisiana.

7. Defendant DESOTO PARISH SHERIFF'S DEPARTMENT is a local law enforcement agency operating under the laws of the State of Louisiana, with its principal place of business in DeSoto Parish, Louisiana.

8. Defendant SHERIFF JASON RICHARDSON is, and was at all relevant times, the Sheriff of DeSoto Parish, responsible for the supervision, training, and conduct of DeSoto Parish Sheriff's deputies. He is sued in both his official and individual capacities.

9. Defendant DEPUTY Emily Henderson, Ashton Richardson, Deputy Nolan Perot is, and was at all relevant times, a deputy sheriff employed by the DeSoto Parish Sheriff's Department. He/She is sued in both his/her official and individual capacities.

10. Defendants DOES 1-10 are other deputies, supervisors, or employees of the DeSoto Parish Sheriff's Department who participated in, directed, or knew of and failed to prevent the violations alleged herein. The true names and capacities of DOES 1-10 are presently unknown to Plaintiff, who therefore sues them by such fictitious names and will amend her complaint to show their true names and capacities when ascertained.

11. At all times relevant to this complaint, all Defendants were acting under color of state law.

## FACTUAL ALLEGATIONS

12. Plaintiff is a co-owner of the property located at 642 Circle, Grand Cane, Louisiana (hereinafter "the Property").

13. Plaintiff has lived at or been connected to the Property since she was 14 years old, as the Property was given to her by her father.

14. Plaintiff moved into the Property because her sister, Darlene Windham Cassell, refused to pay the property taxes.

15. Plaintiff not only paid her own portion of the property taxes for one year, but also paid her sister's portion of the taxes for two consecutive years.

16. Plaintiff homesteaded the Property for two years prior to the events giving rise to this lawsuit.

17. On or about May 30, 2024, Darlene Windham Cassell knowingly and intentionally made false reports to the DeSoto Parish Sheriff's Department claiming that Plaintiff was "squatting" at the Property.

18. Without investigating the ownership status of the Property or verifying whether there was any court-ordered eviction in place, Defendants responded to the call and proceeded to forcibly remove Plaintiff from her own home.

19. When Defendants arrived at the Property, Plaintiff informed them that she was a co-owner of the Property and had a legal right to be there.

20. Plaintiff requested that Defendants verify her ownership interest in the Property, which could have been easily accomplished through public records.

21. Defendants refused to investigate or verify Plaintiff's claims of ownership and instead sided with Plaintiff's sister based solely on her unverified allegations that the home had sold and plaintiff had been formally evicted. And was basically "squatting"

22. Defendants forcibly entered the Property by pushing in the door on Plaintiff.

23. Defendants conducted a warrantless search of the Property without Plaintiff's consent and without any valid legal basis for such a search.

24. Defendants gave Plaintiff only approximately fifteen (15) minutes to gather essential personal belongings before forcing her to leave the Property.

25. Plaintiff was in a state of extreme distress due to the sudden and unexpected forcible removal from her home.

26. Despite Plaintiff's obviously distressed state, Defendants required her to operate a motor vehicle to leave the Property.

27. While driving in this distressed state, Plaintiff was involved in an automobile accident.

28. After the accident, Plaintiff returned to the Property, and Defendants still refused to allow her to remain in her own home.

29. Plaintiff was subsequently arrested due to the presence of another individual who was apparently wanted by authorities and who had been at the residence since the night before, but did not live at the Property.

30. At no time during these events was there any valid court order authorizing Plaintiff's eviction or removal from the Property.

31. A sheriff's sale for partition of the Property was advertised to take place on May 29, 2024, but was not actually conducted until June 7, 2024, which is an irregularity that potentially invalidates the sale under Louisiana law.

32. The Property was not sold until June 7, 2024, well after Plaintiff's forcible removal on May 30, 2024, meaning Plaintiff still maintained her ownership interest at the time of her removal.

33. Sheriff Jason Richardson either conducted or oversaw this irregularly scheduled sheriff's sale, which occurred on a date different from what was publicly advertised.

34. Defendants knew or should have known that a formal eviction process, requiring court proceedings and a judgment of eviction, is necessary to remove a resident or owner from a property in Louisiana.

35. Defendants also knew or should have known that a sheriff's sale must be conducted on the date publicly advertised, and that conducting the sale on a different date potentially invalidates the sale.

36. Plaintiff possesses video evidence that clearly documents Defendants' actions during her removal from the Property, including footage that shows Defendants attempting to remove evidence from the law enforcement system that had been previously entered.

37. This video evidence clearly captures Defendants stating their intent to remove evidence from "the ban" that had been entered into their system, constituting an attempt to destroy or conceal official records related to this incident.

38. As a result of Defendants' actions, Plaintiff lost access to her home and her personal property, was forced to live in a camper with no electricity while water was leaking in, suffered severe emotional distress, and experienced other damages as detailed herein.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF FOURTH AMENDMENT RIGHTS - UNLAWFUL SEARCH AND SEIZURE
(42 U.S.C. § 1983)

37. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

38. The Fourth Amendment to the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures."

39. Defendants violated Plaintiff's Fourth Amendment rights by:
    a. Forcibly entering her home without a warrant, court order, or exigent circumstances;
    b. Conducting a warrantless search of her home without consent or legal justification;
    c. Seizing her property interest in her home by removing her without legal authority; and
    d. Seizing her person by forcing her to leave her home under threat of arrest.

40. These actions were objectively unreasonable under the circumstances, particularly given Plaintiff's assertion of co-ownership and the absence of any court order authorizing her removal.

41. As a direct and proximate result of these violations, Plaintiff has suffered damages including loss of her property rights, emotional distress, and other damages.

### COUNT II: VIOLATION OF FOURTEENTH AMENDMENT RIGHTS – PROCEDURAL DUE PROCESS
(42 U.S.C. § 1983)

42. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

43. The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law."

44. Plaintiff had a constitutionally protected property interest in her home as a co-owner who had homesteaded the Property and paid property taxes.

45. Defendants deprived Plaintiff of this property interest without providing any form of due process.

46. Louisiana law provides specific procedural protections for occupants of property, requiring a formal eviction process before removal, including:
    a. Filing of an eviction lawsuit;
    b. Service of notice to the occupant;
    c. An opportunity for the occupant to contest the eviction in court; and
    d. A judgment from the court ordering the eviction.

47. Additionally, Louisiana law provides specific procedural requirements for sheriff's sales, including that they must be conducted on the date publicly advertised or properly rescheduled with adequate notice.

48. Defendants circumvented all of these required procedures and instead:
    a. Summarily removed Plaintiff from her home based solely on the unverified claims of her sister; and
    b. Later conducted a sheriff's sale of the Property on a date different from the publicly advertised date, potentially invalidating the sale.

49. As a direct and proximate result of these violations, Plaintiff has suffered damages including loss of her property rights, emotional distress, and other damages.

### COUNT III: VIOLATION OF FOURTEENTH AMENDMENT RIGHTS – SUBSTANTIVE DUE PROCESS
(42 U.S.C. § 1983)

50. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

51. Defendants' actions in forcibly removing Plaintiff from her home without legal authority were arbitrary, conscience-shocking, and fundamentally unfair.

52. Defendants' conduct of the sheriff's sale on June 7, 2024, despite advertising it for May 29, 2024, further demonstrates the arbitrary and capricious nature of their actions regarding Plaintiff's property rights.

53. These actions were so arbitrary as to violate Plaintiff's substantive due process rights under the Fourteenth Amendment.

54. As a direct and proximate result of these violations, Plaintiff has suffered damages including loss of her property rights, emotional distress, and other damages.

### COUNT IV: FAILURE TO TRAIN AND SUPERVISE AND EVIDENCE TAMPERING (42 U.S.C. § 1983)

55. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

56. Defendant Sheriff Jason Richardson, in his official capacity, and the DeSoto Parish Sheriff's Department had a duty to adequately train and supervise their deputies regarding:
    a. The legal requirements for evictions in Louisiana;
    b. Constitutional limitations on warrantless searches and seizures;
    c. Property ownership rights and disputes;
    d. Constitutional due process requirements; and
    e. Proper procedures for conducting sheriff's sales, including adherence to advertised dates.

57. Defendants failed to adequately train and supervise their deputies in these areas, resulting in the constitutional violations suffered by Plaintiff.

58. This failure to train and supervise amounts to deliberate indifference to the constitutional rights of persons with whom the deputies come into contact.

59. Defendants' actions, captured on video, show attempts to remove evidence from the law enforcement system ("the ban") that had been entered, constituting evidence tampering and obstruction of justice.

60. This conduct demonstrates a pattern of deliberate indifference to the constitutional rights of citizens and an intent to conceal wrongdoing.

61. As a direct and proximate result of these failures and actions, Plaintiff has suffered damages including loss of her property rights, emotional distress, and other damages.

### COUNT V: STATE LAW CLAIM - FALSE IMPRISONMENT

60. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

61. Defendants intentionally confined Plaintiff against her will without legal authority by forcing her to leave her home under threat of arrest.

62. This confinement was not privileged or justified under Louisiana law.

63. As a direct and proximate result of this false imprisonment, Plaintiff has suffered damages including emotional distress and other damages.

### COUNT VI: STATE LAW CLAIM - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

65. Defendants' conduct in forcibly removing Plaintiff from her home, giving her only 15 minutes to collect belongings, forcing her to drive while in extreme distress, and then refusing to allow her to return to her home even after she was involved in an accident, was extreme and outrageous.

66. Defendants intended to cause Plaintiff severe emotional distress or acted with reckless disregard of the probability of causing such distress.

67. Plaintiff has suffered severe emotional distress as a direct and proximate result of Defendants' conduct.

### COUNT VII: STATE LAW CLAIM - NEGLIGENCE

68. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

69. Defendants owed Plaintiff a duty of reasonable care, including the duty to:
    a. Properly investigate property ownership claims before taking action;
    b. Follow proper legal procedures for evictions;
    c. Conduct sheriff's sales in accordance with advertised dates and Louisiana law;
    d. Protect citizens from foreseeable harm; and
    e. Not force citizens to operate motor vehicles when visibly distressed.

70. Defendants breached these duties by:
    a. Failing to verify property ownership;
    b. Failing to require a court order before evicting Plaintiff;
    c. Conducting a sheriff's sale on a date different from what was publicly advertised;
    d. Forcing Plaintiff to leave her home with minimal belongings; and

    e. Requiring Plaintiff to drive while in extreme distress, resulting in an accident.

71. As a direct and proximate result of these breaches, Plaintiff has suffered damages including property damage from the accident, emotional distress, and other damages.

### COUNT VIII: STATE LAW CLAIM - IMPROPER SHERIFF'S SALE PROCEDURES

72. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

73. Under Louisiana law, sheriff's sales must be conducted in strict accordance with statutory requirements, including being held on the date and time advertised.

74. Defendant Sheriff Jason Richardson had a duty to ensure that the sheriff's sale for partition of the Property was conducted properly and in accordance with Louisiana law.

75. By conducting or overseeing the sheriff's sale on June 7, 2024, when it was advertised for May 29, 2024, Defendant Sheriff Jason Richardson violated Louisiana law regarding sheriff's sales procedures.

76. This procedural irregularity potentially invalidates the sale and has caused Plaintiff to suffer damages, including the potential loss of her property without due process of law.

77. As a direct and proximate result of this breach, Plaintiff has suffered damages including loss of her property interest and other damages.

### COUNT IX: EVIDENCE TAMPERING AND OBSTRUCTION OF JUSTICE

78. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

79. Plaintiff possesses video evidence that clearly shows Defendants attempting to remove evidence from "the ban" that had been entered into the law enforcement system.

80. This conduct constitutes evidence tampering and obstruction of justice under Louisiana law.

81. By attempting to remove or alter official records related to their interactions with Plaintiff, Defendants acted with intent to interfere with the proper administration of justice.

82. This conduct further demonstrates bad faith and consciousness of wrongdoing on the part of Defendants.

83. As a direct and proximate result of these actions, Plaintiff has suffered damages including the potential impairment of her ability to pursue legal remedies and other damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

a) Enter judgment in favor of Plaintiff and against Defendants on all counts;

b) Award Plaintiff compensatory damages in an amount to be determined at trial, but not less than $[AMOUNT], for: $999,999.00
   - Violation of constitutional rights
   - Loss of use and enjoyment of the Property
   - Damage to or loss of personal property
   - Costs associated with securing alternative housing
   - Emotional distress and mental anguish
   - Medical expenses
   - Property damage from automobile accident
   - Damages resulting from evidence tampering and obstruction
   - Other damages to be proven at trial;

c) Award Plaintiff punitive damages against the individual Defendants in an amount to be determined at trial;

d) Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988;

e) Grant declaratory relief stating that Defendants' actions violated Plaintiff's constitutional rights;

f) Declare the sheriff's sale conducted on June 7, 2024, void due to procedural irregularities; and

g) Grant such other and further relief as this Court deems just and proper.

Respectfully submitted this ___ day of _____, 2024.

_____
FELICIA WINDHAM JORDAN, Pro Se
[YOUR ADDRESS]
[YOUR PHONE NUMBER]
[YOUR EMAIL ADDRESS]

## VERIFICATION

STATE OF LOUISIANA
PARISH OF DESOTO

I, FELICIA WINDHAM JORDAN, being first duly sworn upon oath, state that I am the Plaintiff in the above-entitled action, that I have read the foregoing Complaint and know the contents thereof, and that the statements contained therein are true to the best of my knowledge, information, and belief.