UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

FELICIA WINDHAM JORDAN                    CIVIL ACTION NO. 25-cv-729

VERSUS                                    JUDGE TERRY A. DOUGHTY

SHERIFFS DEPT DESOTO PARISH ET AL    MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

**Introduction**

Felicia Windham Jordan ("Plaintiff"), who is self-represented, filed this civil action against DeSoto Parish Sheriff Jayson Richardson and some of his deputies. She alleged that she was a co-owner of a home, and some of the defendants forcibly removed her from her home without an order for eviction or other legal authority, based on her sister's false reports to the sheriff's department that Plaintiff was "squatting" on the property. Plaintiff asserted several causes of action, such as violation of the Fourth Amendment, due process violations, and state law claims such as false imprisonment and intentional infliction of emotional distress.

Before the court are Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 27) and Plaintiff's Motion to Declare Purported Sale Void Ab Initio (Doc. 28). For the reasons that follow, both motions will be denied.

**Motion for Leave to File Third Amended Complaint**

Plaintiff followed her original complaint with a First Amended Complaint (Doc. 5) that completely restated her claims regarding the allegedly unlawful eviction. Many of the

same counts were asserted, but some things were changed or added, such as a state law claim of an improper sheriff's sale.

Plaintiff then requested and was granted leave to file a Second Amended Complaint (Doc. 24) that once again restated her complaint from beginning to end. This time, the allegations were much more succinct but focused on the claim that Plaintiff was forcibly removed from her home with no valid writ of eviction or other lawful authority. The causes of action were limited to three: (1) Fourth Amendment unreasonable seizure, (2) Fourteenth Amendment due process violation, and (3) municipal liability under Monell.

Plaintiff's Second Amended Complaint currently governs her claims. That is because "an amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading." Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir. 1985). The Fifth Circuit has applied the rule to pro se complaints. McDonald v. McClelland, 779 Fed. Appx. 222, 225 (5th Cir. 2019); Eubanks v. Parker County Commissioners Corp., 1995 WL 10513, *2 (5th Cir. 1995); King v. Dogan, 31 F.3d 344 (5th Cir. 1994). Plaintiff's Second Amended Complaint completely restated her claims from beginning to end, omitting many of the more detailed facts alleged in the earlier pleadings and dropping some of the legal counts or causes of action. Because Plaintiff restated her complaint in that fashion, the Second Amended Complaint is the operative complaint going forward in this litigation.

Defendants were preparing to file a response to the Second Amended Complaint when Plaintiff began making submissions that indicated a desire to file a third amended complaint. Defendants submitted a motion in an effort to bring some order to the

proceedings.  The court granted the motion and issued an order that set a deadline for Plaintiff to file any motion seeking leave to file a third amended complaint by January 30, 2026.  Doc. 26.

The January 30, 2026 deadline was a Friday.  Plaintiff did not file anything by the deadline, but on the following Monday, February 2, she filed her Motion for Leave to File Third Amended Complaint (Doc. 27) that is now before the court.  Plaintiff's certificate of service on the motion is hand dated February 1, 2026, and Plaintiff's signature at the end of the proposed complaint is accompanied by the date "01-02-26," which presumably refers to February 1 in the European date format of Day/Month/Year.

Plaintiff wrote that the amendment is necessary to incorporate "newly discovered documentary evidence" regarding the "root of title" and "specific mineral theft" that is based on "evidence of signature fraud involving out-of-sync filings between Sabine and DeSoto Parishes that directly impacts the legality of the May 2024 eviction."  The proposed Third Amended Complaint alleges that the "motive for the Defendants' fraud was the conversion of mineral royalties" and that "Defendants ghosted the Plaintiff's 1994 recorded ownership to steal these royalties."  The proposed pleading makes reference to a donation to a minor recorded in the 1990s, an alleged fraudulent partition sale, and related matters. The proposed pleading includes new defendant John Pickett and accuses him of using "out of sync signatures from a Sabine JOP that were filed in DeSoto before they were even signed."  The rest of the pleading does not provide sufficient context to determine what any of this means.

Defendants object that the motion is untimely and requires a showing of good cause. They are correct.  When a motion for leave to amend is filed after the scheduling deadline, the movant must demonstrate good cause to modify the scheduling order before Rule 15 applies to the decision to grant or deny leave.  S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003).  Plaintiff did not file a reply memorandum, and she did not explain in her motion how she is able to demonstrate good cause under the factors discussed in S&W Enterprises.  Accordingly, she has not demonstrated good cause.

Defendants also object that the proposed amendment would prejudice them because it adds new factual allegations and exhibits relating to events that occurred decades ago and that bear no plausible connection to whether the sheriff or his deputies unlawfully evicted Plaintiff in 2024.  The proposed amendment would expand the case far beyond the scope of its original claims by combining the relatively straightforward civil rights claim against the sheriff and his deputies with a potentially complex mineral or property rights claim that would involve totally different defendants and issues and that is based on indecipherable allegations. Defendants' objections are well founded.  The best exercise of the court's discretion in these circumstances is to deny the proposed amendment and keep this case focused on resolving the civil-rights eviction claims set forth in the Second Amended Complaint.  Accordingly, Plaintiff's **Motion for Leave to File Third Amended Complaint (Doc. 27)** is **denied**.

**Motion to Declare Sheriff's Sale Void**

Plaintiff filed a one-page document titled Motion to Declare Purported Sale Void Ab Initio (Doc. 28). Plaintiff asks for an order declaring a May 2024 sheriff's sale and all associated deeds void based on the 1994 donation to a minor referenced above, alleged impropriety due to the house sitting on the boundary line of Sections 6 and 7, and the filing of certain documents in the DeSoto Parish records before they were signed by a Sabine Parish official.

Defendants offer some background in their response. Doc. 32. Plaintiff and two siblings were reportedly co-owners of immovable property at 642 Circle M Drive in DeSoto Parish. The sibling co-owners are said to have initiated a partition suit in DeSoto Parish to terminate the co-ownership, and this resulted in a judgment that ordered partition by licitation, meaning that the property would be seized and sold at a sheriff's sale and the proceeds divided among the former co-owners. The partition judgment is said to be final, and the sale was conducted. Plaintiff's sister submitted the winning bid and was adjudicated the property. She has since sold the property to a third party, and that party has placed a mortgage on the property in favor of a bank.

Plaintiff's one-page submission does not set forth any plausible basis on which the court might declare the sheriff's sale void. Even if Plaintiff could perhaps better explain the factual basis of her arguments, it is questionable whether this court has jurisdiction to overturn the state court's final judgment and resulting sheriff's sale. Federal courts do not supervise the state courts or hear appeals from their decisions. For these reasons, Plaintiff's **Motion to Declare Purported Sale Void Ab Initio (Doc. 28)** is **denied**.

Page **5** of **6**

**Conclusion**

As noted above, the operative complaint in this litigation is now Plaintiff's Second Amended Complaint (Doc. 24). No further amendments will be allowed absent a showing of good cause. It is time for this litigation to proceed toward a resolution of the merits. To that end, Defendants are directed to file an answer or other response to the Second Amended Complaint by **April 21, 2026**.

THUS DONE AND SIGNED in Shreveport, Louisiana, this the 25th day of March, 2026.

Mark L. Hornsby
U.S. Magistrate Judge