UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FELICIA WINDHAM JORDAN | CIVIL ACTION NO. 25-cv-729 |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| SHERIFFS DEPT DESOTO PARISH ET AL | MAGISTRATE JUDGE HORNSBY |

# REPORT AND RECOMMENDATION

## Introduction

Felicia Windham Jordan ("Plaintiff"), who is self-represented, filed this civil rights action against the DeSoto Parish Sheriff's Department, Sheriff Jayson Richardson, and three DeSoto Parish deputies. Plaintiff's principal allegation is that deputies removed her from her home without valid legal process. Before the court is Defendants' Motion to Dismiss (Doc. 35) that challenges the complaint based on Rule 12(b)(6) and qualified immunity. For the reasons that follow, it is recommended that the motion be granted.

## Rule 12(b)(6) Burden

Defendants move to dismiss the complaint based on Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim on which relief may be granted. To avoid dismissal, Plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007)). The factual allegations must "raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. "[P]ro se complaints are held to less stringent standards than those drafted by lawyers," but even in a pro se complaint

"conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

**Relevant Facts**

Plaintiff's factual allegations must be accepted as true for current purposes. The court may also take judicial notice of matters of public record. Walker v. Beaumont ISD, 938 F.3d 724, 735 (5th Cir. 2019). Defendants submit public records that provide helpful background information, and Plaintiff does not contest the authenticity of those documents.

According to a judgment of possession in the succession of Roy Wayne Windham, Plaintiff became a co-owner, along with her brother Roy and sister Darlene, of property at 642 Circle M Drive in DeSoto Parish. In 2023, two years after the succession, Plaintiff's co-owners initiated a partition suit in state court to end the co-ownership. The state court entered a judgment that ordered partition by licitation, meaning the property would be seized and sold at a sheriff's sale. Plaintiff was personally served with a notice of the judgment, which was not appealed or otherwise challenged.

The sheriff issued a notice of seizure as to the property in February 2024. Before the sheriff's sale pursuant to the partition judgment was held, the property was sold at a tax sale on May 8, 2024 to Hwy 79, LLC, for $952.63. On May 17, 2024, the sheriff issued a certificate of redemption, indicating that the past-due property taxes had been paid. The sheriff later conducted a sheriff's sale on May 29, 2024 pursuant to the partition judgment.

Plaintiff's sister, Darlene Cassell, submitted the winning bid of $72,000 and was adjudicated the property. Ms. Cassell later sold the property to a third party, Branded J

Investments, LLC, which executed a mortgage on the property in favor of Community Bank of Louisiana. Meanwhile, Plaintiff filed suit in state court against her sister for claims such as wrongful eviction, conversion of some cars and personal belongings, and the like. Plaintiff eventually obtained a money judgment against her sister for wrongful eviction ($500), intentional infliction of emotional distress ($2,500), and conversion of cars and personal property ($23,000). The state court dismissed all other claims.

Plaintiff filed in this civil action a Second Amended Complaint (Doc. 24), which the court described in an earlier order (Doc. 33) as completely restating her claims from beginning to end and becoming the operative complaint going forward in the litigation. See King v. Dogan, 31 F.3d 344 (5th Cir. 1994); McDonald v. McClelland, 779 Fed. Appx. 222, 225 (5th Cir. 2019). Plaintiff later moved to file a third amended complaint and allege a host of claims related to title disputes with her relatives going back decades, as well as challenges to state court filings and judgments based on alleged fraud, lack of jurisdiction, and the like. The court denied leave to file the amendment because it would expand the case far beyond the scope if its original claims by combining the relatively straightforward civil rights claim against the sheriff and his deputies with a potentially complex mineral or property rights claim that would involve totally different defendants and issues and that was based on largely indecipherable allegations. Doc. 33.

Plaintiff's Second Amended Complaint asserts that her action arises under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments. Doc. 24, ¶ 1. The portion of her complaint devoted to parties lists herself and the DeSoto Parish Sheriff's Department. It does not name any individual defendants, but it does assert that "[i]ndividual defendants

acted under color of law." ¶¶ 4-6. The individual defendants presumably refer to those listed in the caption, being Sheriff Jayson Richardson and Deputies Nolan Perot, Ashton Richardson, and Emily Henderson.

Plaintiff then alleged as follows. "Plaintiff had lawful possessory interest in the residence at 642 Circle M Drive." ¶ 7. "On May 30, 2024, deputies forcibly removed Plaintiff from her home." ¶ 8. "No valid writ of eviction or possession existed." ¶ 9. "Officers admitted on bodycam footage that no lawful eviction had occurred." ¶ 10. "Plaintiff was given approximately fifteen (15) minutes to collect belongings." ¶ 11. "Plaintiff later prevailed in state court on the illegality of this eviction." ¶ 12. "Defendants acted without lawful authority." ¶ 13. "Plaintiff suffered significant damages." ¶ 14.

Plaintiff then set forth her causes of action. The first invokes the Fourth Amendment and alleges "Defendants seized Plaintiff's home without lawful process." ¶ 16. She also invoked the due process clause and alleged, "Defendants deprived Plaintiff of property without due process." ¶ 17. Plaintiff also asserted a count of municipal liability and requested damages, injunctive relief, and a jury trial.

**Sheriff's Department**

Plaintiff names as a defendant the DeSoto Parish Sheriff's Department, alleges that it is a municipal entity, asserts a count that invokes municipal liability/Monell, and alleges that the defendants "acted pursuant to unconstitutional policy or custom." ¶¶ 5 & 18. The flaw with respect to this claim is that a sheriff's office or sheriff's department is not a legal entity capable of being sued. Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); Walker v. Iberia Parish Sheriff Dept., 2007 WL 2127706

(W.D. La. 2007) ("Louisiana law affords no legal status to the "Parish Sheriff's Department" so that the department can sue or be sued, such status being reserved for the Sheriff."). All claims against this defendant should be dismissed.

**Sheriff Jayson Richardson**

Plaintiff's amended complaint names Sheriff Jayson Richardson as a defendant, but it does not make any specific allegations against him. Plaintiff alleges that "deputies" removed her from her home. A sheriff can be held liable under Section 1983 only for his own acts or omissions. The doctrine of respondeat superior does not apply, so Section 1983 does not permit a cause of action based on the conduct of subordinates. Stewart v. Murphy, 174 F.3d 530, 536 (5th Cir. 1999). To state a cause of action under Section 1983, the plaintiff "must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995). Plaintiff makes no allegation that Sheriff Richardson was personally involved in any of the events alleged in her complaint, so Plaintiff fails to state a claim on which relief may be granted against Sheriff Richardson in his individual capacity.

To the extent Plaintiff asserts a claim against the sheriff in his official capacity, the complaint must allege a custom or policy of the sheriff that caused the alleged violation of Plaintiff's constitutional rights. Guillot on behalf of T.A.G. v. Russell, 59 F.4th 743, 751 (5th Cir. 2023). "The description of a policy or a custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." Spiller v. City of Texas City, 130 F.3d 162, 167 (5th Cir. 1997). Plaintiff's

amended complaint offers nothing but a conclusory allegation that the defendants "acted pursuant to unconstitutional policy or custom," without providing any specific facts that describe a custom or policy or demonstrate how it was a moving force behind any constitutional violation. Accordingly, the complaint also fails to state a claim on which relief may be granted against Sheriff Richardson in his official capacity. All claims against Sheriff Richardson should be dismissed.

**The Three Deputies**

The caption of Plaintiff's Second Amended Complaint listed as defendants Deputies Perot, Richardson, and Henderson. The body of the complaint does not include any specific allegations as to the actions of any one of them. Rather, Plaintiff alleged that she had a lawful "possessory interest" in the residence and that unspecified "deputies" forcibly removed her from the home without a valid writ of eviction. The deputies each raise the defense of qualified immunity.

Qualified immunity protects public officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. It protects all but the plainly incompetent or those who knowingly violate the law, so courts will not deny its protection unless existing precedent renders the question "beyond debate." Thomas v. Bruss, __ F.4th __, 2026 WL 2588634, *3 (5th Cir. 2026). When a defendant asserts qualified immunity, the plaintiff bears the burden of pleading facts that demonstrate liability and defeat immunity. Zapata v. Melson, 750 F.3d 481, 485 (5th Cir. 2014). The plaintiff must show (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly

established at the time of the challenged conduct. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

At the motion to dismiss stage, "a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." Arnold v. Williams, 979 F.3d 262, 267 (5th Cir. 2020). In other words, a "plaintiff must plead facts which, if proved, would defeat [the] claim of immunity." Allen v. Hayes, 65 F.4th 736, 745 (5th Cir. 2023).

An initial problem with Plaintiff's allegations is that they suffer from group pleading. Plaintiff simply faults the "deputies" as a group without factual material suggesting that any particular defendant engaged in any particular constitutional violation. Such group pleading is generally inadequate because a Section 1983 plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Armstrong v. Ashley, 60 F.4th 262, 275 (5th Cir. 2023), quoting Iqbal, 129 S.Ct. at 1948. It is improper to analyze a group of defendants' actions collectively in assessing qualified immunity. Each defendant's entitlement to immunity must be examined separately. Meadours v. Ermel, 483 F.3d 417, 421-22 (5th Cir. 2007). Plaintiff's group allegations do not allow such separate examination.

Plaintiff also has the burden of establishing that a particular defendant engaged in activity that violated clearly established law. The right at issue must be framed "with specificity and granularity" rather than asserted in general terms. Morrow v. Meachum, 917 F.3d 870, 874-75 (5th Cir. 2019). "Abstract or general statements of legal principle

untethered to analogous or near-analogous facts are not sufficient to establish a right 'clearly' in a given context; rather, the inquiry must focus on whether a right is clearly established as to the specific facts of the case." Vincent v. City of Sulphur, 805 F.3d 543, 547 (5th Cir. 2015).

The court cannot deny qualified immunity without identifying a case in which an officer acting under similar circumstances was held to have violated the Fourth Amendment and without explaining why the case clearly proscribed the conduct of that officer. Searles v. City of Houston, 180 F.4th 842, 847 (5th Cir. 2026). It is the obligation of a party opposing qualified immunity to identify such a case. Nerio v. Evans, 974 F.3d 571, 575 (5th Cir. 2020); Thomas, 2026 WL 2588634, * 4 (a plaintiff "must point to controlling authority or 'a robust consensus of cases of persuasive authority' that clearly establishes the right in question.").

The state court records reflect that Plaintiff lost any ownership interest in the property after the sheriff's sale on May 29, 2024. Louisiana law provides that when a partition is made by licitation, the sale shall be conducted at public auction and after the advertisements required for judicial sales under execution. La. C.C.P. art. 4607. "The adjudication transfers to the purchaser all the rights and claims of the judgment debtor as completely as if the judgment debtor had sold the property. La. C.C.P. art. 2371. Plaintiff was named as a defendant in the partition proceeding that led to the judgment ordering the sale. Although Plaintiff argues that (1) the succession that established her co-ownership interest was fraudulent and a nullity and (2) the partition judgment violated Louisiana law in multiple respects, she also states that she "is NOT appealing the state court partition

judgment." Rather, she is suing law enforcement officers for civil rights violations committed when they used a "void judgment" as a pretext to evict her.

Plaintiff's generic allegations in her Second Amended Complaint do not sufficiently allege that any individual deputy did anything. To the extent they are alleged to have participated equally in the removal of her from the home, the complaint does not allege sufficient facts to show that the deputies were actually aware that there was no legal basis to remove Plaintiff from the home. Plaintiff alleges that there was no valid writ of eviction and that the officers admitted that there was no lawful eviction, but a tenant eviction is not the only reason that the officers may have removed Plaintiff.

Plaintiff alleged in her state court suit against her sister that she had "homesteaded" the property and that her sister made false reports to local law enforcement that Plaintiff was "squatting" at the property. Plaintiff also alleged in that proceeding that it was as a result of her sister's allegedly false report that the law enforcement officers removed Plaintiff from the property. Doc. 35-9. Thus, there was a situation where officers received a report of illegal squatting from a person who held title to the property by a recent sheriff's sale, and the officers removed the non-owner from the home. Plaintiff has not pointed to a Supreme Court or Fifth Circuit decision, nor a robust consensus of cases of persuasive authority, that hold that an officer who takes such actions in those circumstances has violated the Fourth or Fourteenth Amendment. The three deputies are thus entitled to qualified immunity.

Accordingly,

It is recommended that Defendants' Motion to Dismiss (Doc. 35) be granted and that all claims against all defendants be dismissed with prejudice.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of October, 2026 .

Mark L. Hornsby
U.S. Magistrate Judge